**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4804-14T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM SMIEJAN,

    Defendant-Appellant.

_____

Argued February 1, 2017 — Decided  April 24, 2017

Before Judges Alvarez and Manahan.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Municipal Appeal No. 04-14.

Brian J. Neary argued the cause for appellant (Law Offices of Brian J. Neary, attorneys; Mr. Neary, of counsel and on the brief; Suzanne Axel, on the brief).

Kerry J. Salkin, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Ms. Salkin, on the brief).

PER CURIAM

On March 12, 2014, defendant William Smiejan, entered a guilty plea to driving while intoxicated (DWI), N.J.S.A. 39:4-50, after

the municipal court denied his motion to suppress his blood alcohol content (BAC) results. That decision was affirmed by a Law Division judge on May 18, 2015. We now reverse and remand.

On April 17, 2013, the United States Supreme Court decided Missouri v. McNeely, ___ U.S. ___, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013). The case stands for the proposition that "in drunk-driving investigations, the natural dissipation of alcohol in the blood stream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." Id. at ___, 133 S. Ct. at 1568, 185 L. Ed. 2d at 715.

In State v. Adkins, 221 N.J. 300 (2015), our Supreme Court held "that McNeely's pronouncement on the Fourth Amendment's requirements must apply retroactively to cases that were in the pipeline when McNeely was issued." Id. at 303. The Court explained that although the potential dissipation of alcohol in the blood as a result of the body's processing of the chemical over time "may be given substantial weight as a factor to be considered in the totality of the circumstances[,]" it is only one of many considerations regarding exigencies that may justify a blood draw in the absence of consent or a search warrant. Ibid. The Court remanded the case for the municipal court to take testimony and render a decision on the issue of exigency. Id. at 317.

It is undisputed that on January 16, 2013, in the middle of the afternoon on a weekday, defendant was involved in an accident in which he struck two parked cars. He was taken to the hospital with lacerations to the face and a bloody nose. A sample of his blood was taken without his consent or a search warrant. Subsequent testing established his BAC at 0.286 percent.

Defendant suffers from a variety of physical and mental health ailments related to a workplace explosion that occurred many years prior. As a result of these conditions, his municipal court attorney, who has since been disbarred, argued on sentencing that he should be placed on a bracelet program. The municipal court judge correctly denied the application since it is black-letter law that alternatives to incarceration are not available by way of sentence on a DWI conviction.

The municipal court judge also reasoned that despite the McNeely decision, exigent circumstances existed because of the delays inherent in the warrant application process. The only evidence the court reviewed at the suppression hearing was police and medical reports. No testimony was taken. The court heard argument and considered briefs filed by counsel. Although the judge agreed that McNeely applied because this case was already in the pipeline, he held that "knowing what the process in New

A-4804-14T3

Jersey is or, frankly, in Hudson County in New Jersey[,]" exigency existed.

In her May 18, 2015 written decision, the Law Division judge on the de novo appeal agreed. See R. 3:23-8. She echoed the municipal court judge's determination that the officers' actions were reasonable given the difficulties inherent in the middle of the afternoon in the middle of the week "for an officer to find an assistant prosecutor, prepare a search warrant, and have a judge sign off on the warrant [because it] would take a long enough period of time to justify exigent circumstances." She went on to state that

> Issues surrounding the practicality of finding a prosecutor, and issuing telephonic warrants, were in this case, specific to the municipal court. The record reflects that the trial judge's own experience with such matters were weighed heavily in deciding whether there was exigency at the time [defendant]'s blood was drawn. Even if this [c]ourt might have reached a different conclusion, the trial court's findings should not be disturbed where they could have reasonably been reached on sufficient credible evidence. Giving deference to those findings of the trial judge which are substantially influenced by his opportunity to have the "feel" of the case, this [c]ourt finds that the trial court did not err in denying [defendant]'s [m]otion to [s]uppress.

Now on appeal, defendant raises the following issues:

> POINT I
> THE FORCIBLE SEIZURE OF BLOOD SAMPLES FROM MR. SMIEJAN WITHOUT HIS CONSENT OR A SEARCH WARRANT VIOLATED THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND, ACCORDINGLY, SUCH EVIDENCE MUST BE SUPPRESSED.
>
> POINT II
> A PRE-McNEELY ANALYSIS COMPELS THAT THE EVIDENCE BE SUPPRESSED.
>
> POINT III
> CONSIDERATIONS OTHER THAN McNEELY COMPEL EXCLUSION OF THE BLOOD EVIDENCE.
>
> POINT IV
> THE COURT SHOULD PERMIT MR. SMIEJAN TO WITHDRAW HIS GUILTY PLEA.
>
> POINT V
> MR. SMIEJAN'S CONVICTION MUST BE REVERSED BASED UPON INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

This case was in the pipeline when McNeely was decided. We thus address whether an adequate exigency existed excusing the need to obtain consent or a search warrant. We conclude that the Law Division judge erred in relying upon the municipal court judge's past experience as a factual basis to find the existence of an adequate exigency.

Speculation anchored on past experiences cannot rise to the necessary threshold. The only fact of which the judge properly took judicial notice was the fast dissipation of alcohol from the blood attributable to the passage of time. See Adkins, supra, 221

5

N.J. at 316 (quoting State v. Dyal, 97 N.J. 229, 239-40 (1984)) ("one crucial consideration is that the body eliminates alcohol at a rapid rate").  In this case, there were no meaningful factual findings made by either the municipal court judge or the Law Division judge.  From that insufficient basis both judges drew their legal conclusions, to which we owe no deference.  See State v. Watts, 223 N.J. 503, 516 (2015); State v. Vargas, 213 N.J. 301, 327 (2013).

The heart of McNeely is that the natural metabolization of alcohol in the blood does not create a per se exigency for all drunk-driving cases.  The "exigency in this context must be determined case-by-case based on the totality of the circumstances."  McNeely, supra, ___ U.S. at ___, 133 S. Ct. at 1556, 185 L. Ed. 2d at 702.  In those cases in which an officer can reasonably obtain either a warrant or a consent "without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so."  Id. at ___, 133 S. Ct. at 1561, 185 L. Ed. 2d at 707.  "[R]eviewing courts [must] focus on the objective exigency of the circumstances that the officer faced in this situation."  Adkins, supra, 221 N.J. at 317.  Accordingly, a remand is necessary for a hearing as to whether the circumstances warranted the admission of the blood draw in this case.

A-4804-14T3

Reversed and remanded for further proceedings consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION